UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFREY ANCHOR, et al.,

                           Plaintiffs,            04-CV-0300S(Sr)

v.

DIAZ INTERMEDIATES CORPORATION, et al.,

                           Defendants.

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #94.

Currently before the Court is defendants' motion to dismiss certain plaintiffs for failure to prosecute their claims.  Dkt. #88.  For the following reasons, it is recommended that defendants' motion be granted with respect to 24 plaintiffs, conditionally granted with respect to 10 additional plaintiffs, and denied with respect to 12 additional plaintiffs.

## BACKGROUND

The original plaintiffs to this action were 199 residents of the Village of Holley seeking, *inter alia*, damages for (1) personal injuries; (2) contamination of real and personal property; and (3) response costs caused by the contamination of their property

as a result of the accidental release of a mixture consisting primarily of toluene, water (steam), and 2-chloro-6-fluorophenol (CFP), from the Diaz Chemical Corporation facility on January 5, 2002.  Dkt. #1.  This action was commenced against the operating officers of Diaz Chemical Corporation and Diaz Intermediaries Corporation, as successors to Diaz Chemcial Corporation, following the bankruptcy of Diaz Chemical Corporation on June 23, 2003.  Dkt. #1.

During the course of the initial pre-trial conference, defendants requested that the plaintiffs respond to limited joint interrogatories specifying, *inter alia*, which plaintiffs were claiming personal injury (and providing information, including medical records, regarding the diagnosis, treatment and duration of such injuries), and which plaintiffs were claiming property damage (and providing information regarding the extent of such damage and any costs incurred as a result of such damage).  Dkt. #34-3.  Defendants moved to dismiss the complaint against numerous plaintiffs who either failed to respond to the interrogatories altogether or who failed to provide a sufficient response to the interrogatories.  Dkt. #34.  In response, plaintiffs moved to dismiss, without prejudice, a number of plaintiffs who failed to respond to the interrogatories altogether.  Dkt. #38.

By Order entered March 31, 2006, 54 plaintiffs were voluntarily dismissed from this action without prejudice following their failure to respond to interrogatories pursuant to this Court's Order entered November 8, 2004.  Dkt. #59.  With respect to the plaintiffs who were alleged to have provided inadequate responses to defendants' interrogatories, the Court compelled plaintiffs

>to specify the duration of their symptoms of personal injury and identify any health care provider plaintiff may have consulted with respect to these symptoms. If any plaintiff has consulted with a health care provider with respect to these symptoms, such plaintiff shall provide authorizations for the defendants to obtain copies of plaintiff's medical records pertaining to such symptoms.

Dkt. #48.

The parties subsequently stipulated to the following discovery deadlines, which the Court "So Ordered":

>1. plaintiffs would specify the duration of their symptoms of personal injury, identify any health care provider plaintiffs may have consulted with respect to these symptoms and provide authorizations for the defendants to obtain copies of plaintiffs' medical records pertaining to such symptoms by March 31, 2007;
>
>2. plaintiffs would provide a verified response to a maximum of ten general interrogatories no later than April 16, 2007;
>
>3. plaintiffs would provide a verified response to a maximum of 15 specific interrogatories no later than July 31, 2007.

Dkt. #70. Defendants now move to dismiss those plaintiffs who have failed to comply with this stipulated discovery schedule. Dkt. #88.

## DISCUSSION AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that

>If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

The Court should consider the following factors, none of which are dispositive, in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the Court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate.  *Scott v. County of Erie*, No. 06-CV-473, 2007 WL 3353290, at *2 (W.D.N.Y. Nov. 11, 2007), *citing United States ex rel. Drake v. Norden Systems*, 375 F.3d 248, 251 (2d Cir. 2004).

Applying these factors to the instant case, plaintiffs' counsel concedes that more than 6 years after the incident at issue; more than 4 years after the filing of this lawsuit; more than 3 years after the initial order from the Court directing disclosure of information regarding personal injury; more than two years after an order compelling disclosure of information regarding personal injury; and more than one year after a stipulated deadline for such disclosure, 28 plaintiffs have yet to provide medical authorizations permitting defendants to obtain medical records relating to their claims of personal injury.  Dkt. #91, ¶ 8.  Six of those 28 plaintiffs have also failed to provide supplemental interrogatory responses and the other 22 of those 28 plaintiffs have failed to provide verifications to their supplemental interrogatory responses.  Dkt. #91, ¶ ¶ 12 & 17.  Twenty-Two of these 28 plaintiffs have also failed to respond to defendants' specific interrogatories and another 2 of these plaintiffs have failed to verify their responses to defendants' specific interrogatories. Dkt. #91, ¶ 19.

The length of plaintiffs' delay in providing information specifying the nature of their individual claims is clearly significant.  More importantly, this delay is prejudicial to the defendants, who continue to expend resources seeking basic information about plaintiffs' claims.  Without such information, defendants are unable to assess the scope of the claims against them, which obviously compromises their interests in resolving this case in a timely manner.  Continued delay also prejudices the interests of the majority of plaintiffs who have complied with their discovery obligations by denying them a timely resolution of this action.  This Court has afforded plaintiffs every opportunity to prosecute their claims, but will not permit recalcitrant plaintiffs to continue to delay the prosecution of this lawsuit.  As this is the second motion to dismiss brought against recalcitrant plaintiffs, plaintiffs have been afforded sufficient notice of the possibility of dismissal for failure to prosecute.  As neither the Court's orders nor defendants' motions to dismiss have prompted any response from a certain number of plaintiffs, the Court believes that dismissal of these claims is appropriate.  Accordingly, it is recommended that defendants' motion to dismiss be granted with respect to the following plaintiffs: Janet Bennage; Chad Blosenhauer; Gary Blosenhauer; Sandra Blosenhauer; Steven Blosenhauer; William Brice; Carrie Brice; Skye Brice; Starr Brice; Summer Brice; Sunni Brice; Zachary Brice; Abbagail Buzard; Necole Buzard; Carol Knapp; Emily Knapp; Gregory Knapp; Gary Knapp; Sara Knapp; Cody Lutz; Wendi Madden; Joseph Mohney; Dylan Pollock; and Justin Pollock.

Although defendants also seek to dismiss Cassandra Mohney; Christina Mohney; Susan Mohney; and Jennifer Welch, it appears to the Court that these

individuals have provided verified responses to defendants' specific interrogatories. *See* Dkt. #88-4. Accordingly, the Court will afford these plaintiffs one last chance to provide complete disclosure. Plaintiffs' counsel shall file a declaration within 30 days of the entry of this Report, Recommendation and Order advising the Court whether plaintiffs have provided defendants with medical authorizations. In the case of the Mohney plaintiffs, plaintiffs' counsel shall also declare whether or not plaintiffs have verified their supplemental interrogatory responses. In the case of Jennifer Welch, plaintiffs' counsel shall also declare whether or not plaintiff has provided a verified supplemental interrogatory response to defendants. If plaintiffs' counsel is unable to declare that the medical authorizations and verified supplemental interrogatory responses have been disclosed to the defendants, the Court recommends that defendants' motion to dismiss be granted without further Order.

Defendants affirm and plaintiffs' counsel concedes that plaintiffs Lauren Blake; Robert Blake; Dorothy Lutz; Terry Probst; Amanda Roberts; and William Roberts have not verified their specific interrogatories. Dkt. #91, ¶ 29. However, as these plaintiffs appear to have complied with every other discovery obligation to this point, the Court will afford these plaintiffs one final opportunity to provide complete disclosure. Plaintiffs' counsel shall file a declaration within 30 days of the entry of this Report, Recommendation and Order advising the Court whether plaintiffs have verified their specific interrogatory responses. If plaintiffs' counsel is unable to declare that the verifications have been provided to defendants, the Court recommends that defendants' motion to dismiss be granted with respect to these plaintiffs without further Order.

With respect to the remaining plaintiffs at issue, *to wit*, Brian Horst; Georgie Horst; Vernon Horst; George Iannone; Jennifer Miles; Mary Ellen Miles; Rebecca Miles; Dana Swanger; Jamie Swanger; Kenneth Swanger; Roxanne Swanger; and Rebekah Wheeler-Smith, the Court recommends denial of defendants' motion to dismiss. Although untimely, their medical authorizations, verified supplemental interrogatory responses and verified specific interrogatory responses have been provided to defendants. *See* Dkt. #92.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that defendants' motion to dismiss (Dkt. #88), be:

1. **GRANTED** with respect to plaintiffs Janet Bennage; Chad Blosenhauer; Gary Blosenhauer; Sandra Blosenhauer; Steven Blosenhauer; William Brice; Carrie Brice; Skye Brice; Starr Brice; Summer Brice; Sunni Brice; Zachary Brice; Abbagail Buzard; Necole Buzard; Carol Knapp; Emily Knapp; Gregory Knapp; Gary Knapp; Sara Knapp; Cody Lutz; Wendi Madden; Joseph Mohney; Dylan Pollock; and Justin Pollock.

;

2. **CONDITIONALLY GRANTED** with respect to plaintiffs Lauren Blake; Robert Blake; Dorothy Lutz; Cassandra Mohney; Christina Mohney; Susan Mohney; Terry Probst; Amanda Roberts; William Roberts and Jennifer Welch and that these ten plaintiffs be dismissed from this action without further Order of the Court unless plaintiffs' counsel declares within 30 days of the entry of this Report, Recommendation and Order that they have complied with their outstanding discovery obligations as set forth above; and

      3.  **DENIED** with respect to plaintiffs Brian Horst; Georgie Horst; Vernon Horst; George Iannone; Jennifer Miles; Mary Ellen Miles; Rebecca Miles; Dana Swanger; Jamie Swanger; Kenneth Swanger; Roxanne Swanger; and Rebekah Wheeler-Smith.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

Dated:    Buffalo, New York
          October 10, 2008

            <u>s/ H. Kenneth Schroeder, Jr.</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**